UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Chapter 7

WILLIAM DAVID GERBER                    BKY 17-42599
ANGELA COLETTE GERBER

Debtors.

---

UNITED STATES TRUSTEE'S APPLICATION TO REOPEN CASE

---

The United States Trustee, by his undersigned attorney, applies to the court for an order reopening the above entitled case.   In furtherance of his application, the U.S. Trustee states as follows:

1.   This application is being brought under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1.

2.   This case was originally filed as a voluntary chapter 7 on August 29, 2017, and Randall L. Seaver was appointed chapter 7 trustee.   As Trustee, Mr. Seaver did not find non-exempt assets to liquidate for the benefit of creditors.

3.   The debtors obtained a discharge on November 28, 2017, and on December 13, 2017, the trustee was discharged and the case was closed.

4.   Subsequently, the chapter 7 trustee was informed that the father of debtor William Gerber died on February 8, 2018, and as a result, the debtors may be entitled to an inheritance from his estate.    The amount of the inheritance is unknown.

5.   The inheritance constitutes property of the bankruptcy estate because the debtor became entitled to it within the 180 days subsequent to the commencement of the case.   See 11 U.S.C. §541(a)(5)(A).

6.    The bankruptcy estate's interest in the non-exempt portion of the inheritance needs to be administered by a bankruptcy trustee.   Therefore, the bankruptcy case needs to be reopened so that a trustee can collect the inheritance and to the extent the funds cannot be exempted, a trustee needs to administer the funds and make an appropriate distribution to creditors.

7.    The United States Trustee requests that the case be reopened so that he can appoint a chapter 7 trustee to investigate the existence of and to administer the proceeds from the inheritance, as well as any other non-exempt assets of the debtor, including any funds that constitute property of the bankruptcy estate.

8.    Upon reopening of the case, the U.S. Trustee expects to reappoint Mr. Seaver or another member of the Minnesota panel of private trustees to act as trustee in the case.

WHEREFORE, the United States Trustee requests that the court enter an order reopening the above entitled case for the purpose of appointing a trustee to administer certain assets and for any other purposes necessary to the administration of the estate.

JAMES L. SNYDER
United States Trustee

Dated: June 7, 2018

By:    e/Michael R. Fadlovich
Michael R. Fadlovich
Trial Attorney – MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
612/ 334-1350

## VERIFICATION

I, Michael R. Fadlovich, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: June 7, 2018

_____s/Michael R. Fadlovich_____
Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Chapter 7

WILLIAM DAVID GERBER                    BKY 17-42599
ANGELA COLETTE GERBER

Debtors.

---

UNITED STATES TRUSTEE'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION TO REOPEN CASE

---

The United States Trustee, by his undersigned attorney, submits this Memorandum of Law

in support of his application to the court for an order reopening the above entitled case.   In

furtherance of his position, the U.S. Trustee states as follows:

Applications to reopen cases are allowed under 11 U.S.C. §350(b), Bankruptcy Rule 5010

and Local Rule of Bankruptcy Procedure 5010-1.   Local Rule of Bankruptcy Procedure 5010-1(c)

provides that requests to the court for the reopening of a case be made by application rather than

by motion.

Local Rule of Bankruptcy Procedure 5010-1 (a) sets forth instances where reopening of a

case is unnecessary.   Local Rule of Bankruptcy Procedure 5010-1(b) allows for the reopening of

a case where the relief requested is not set forth in Local Rule 5010-1(a).   The interest of the estate

to be administered in this case consists of an inheritance to which the debtor became entitled within

180 days of the commencement of the case.   The inheritance is an asset which needs to be

administered by the bankruptcy estate.

The inheritance constitutes property of the estate which must be administered by the trustee

for the benefit of all creditors.   The administration and distribution of an asset such as this is not

listed in Local Rule 5010-1(a), which allows for matters to be addressed without a formal

reopening of the case.   Instead, the present situation falls under Local Rule 5010-1(b) which requires the case to be reopened.

Although Local Rule 5010-1(d) has provisions which allow for the deferral or waiver of the filing fee for reopening the case, that provision is not applicable to the United States Trustee. Fees for reopening a bankruptcy case are set forth in the Judicial Conference Schedule of Fees, applicable to 28 U.S.C. §1930 (Effective December 1, 2016).   Under subparagraph 11 of that fee schedule, the reopening fee for a chapter 7 case is $245.00.   However, that entire fee schedule is prefaced by an exemption for the United States Trustee, insofar as the fee schedule provides: "Federal agencies or programs that are funded from judiciary appropriations  . . . should not be charged any fees under this schedule". *Id*.   Accordingly, the U.S. Trustee need not pay the reopening fee.

Upon the reopening of a case, the United States Trustee is authorized to appoint a trustee in order to assure that the interests of creditors are protected.   See Fed. R. Bankr. P. 5010.   In the present case, the United States Trustee has not yet determined whom to appoint.

Based on the circumstances of this case as well as applicable law and procedures, the court should enter an order reopening this case.

JAMES L. SNYDER
Acting United States Trustee
Region 12

Dated: June 7, 2018

By:  _____e/Michael R. Fadlovich_____
Michael R. Fadlovich
Trial Attorney   MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
612/334-1356

## **CERTIFICATE OF SERVICE**

In re:                                                    Chapter 7

    WILLIAM DAVID GERBER                    BKY 17-42599
    ANGELA COLETTE GERBER

           Debtors.


    The undersigned hereby certifies under penalty of perjury that she is an employee in the

Office of the United States Trustee for the District of Minnesota and is a person of such age and

discretion as to be competent to serve papers.   That on June 7, 2018, she served a copy of the

attached: United States Trustee's Application to Reopen Case by placing said copy in a postpaid

envelope addressed to the person(s) hereinafter named, at the place and address stated below,

which is the last known address, and by depositing said envelope and contents in the United

States mail with postage prepaid in the proper amount.

    **William David Gerber**
    **1805 Dunkirk Lane N**
    **Plymouth, MN 55446**

    **Curtis K Walker, Esq**
    **Walker & Walker Law Offices PLLC**
    **4356 Nicollet Ave S**
    **Minneapolis, MN 55409**


                **By:**    **e/Lilia Serna de Coronado**
                    U.S. Trustee's Office
                    300 South Fourth St., #1015
                    Minneapolis, MN   55415

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                            Chapter 7

WILLIAM DAVID GERBER                          BKY 17-42599
ANGELA COLETTE GERBER

Debtors.

This matter came before the Court on the *ex parte* application by the United States Trustee
for an order reopening the bankruptcy case.

From the application by the United States Trustee, it appears that cause has been shown
under Fed. R. Bankr. P. 5010 and 11 U.S.C. §350(b) to reopen the case.

Now therefore, it is hereby ORDERED:

1.  That the above entitled case is reopened.

2.  If appropriate, the United States Trustee shall appoint a chapter 7 trustee.

3.  The trustee, upon qualification, may undertake any and all appropriate proceedings in
this case.

_____
United States Bankruptcy Judge